IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BILLY JOE LUCAS,**

      **Plaintiff,**

v.                                                  Case No. 3:21-cv-00284

**WAYNE CO. COURTS ("Circuit")**

      **Defendant.**

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

On May 6, 2021, Plaintiff Billy Joe Lucas ("Lucas"), proceeding *pro se,* filed a complaint against the defendant under 42 U.S.C. § 1983. (ECF No. 1). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending is the initial screening of Lucas's complaint. Having thoroughly considered the matter, the undersigned **FINDS** that (1) the complaint cannot withstand initial review; and (2) the Application to Proceed Without Prepayment of Fees and Costs should be denied as moot. Therefore, the undersigned **DENIES** Lucas's Application to Proceed *in forma pauperis*, (ECF No. 3), and **RECOMMENDS**, for the following reasons, that the presiding District Judge **DISMISS** the complaint and **REMOVE** this matter from the docket of the Court.

**I.**     **Relevant Facts**

Lucas states that he was sentenced in 2011 to five years of probation stemming

from a theft conviction. (ECF No. 1 at 4). Apparently, the judgment order required Lucas to pay restitution to his victims, who also are his aunt and uncle. Lucas's probation has been revoked and extended three times since his sentencing, because he has failed to make the court-ordered restitution. (*Id.* at 5). According to Lucas, his aunt and uncle have signed an affidavit stating that they do not want restitution, but the State of West Virginia continues to charge him with probation violations for not making restitution payments. (*Id.*). Lucas asks the Court to dissolve the restitution order and allow him to finish his probation. (*Id.*).

## II.   Screening Standard

Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the Court is required to accept as true the factual allegations asserted in the complaint, but is not required to accept the legitimacy

of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Lucas has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

As part of its initial screening, this Court may determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The Court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."). "Federal courts are courts of limited subject matter jurisdiction, and as such

3

there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "[a] district court has 'an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'" *Greene v. Joyner,* No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)). Whether the court has jurisdiction depends upon the allegations contained in the complaint. *See Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction")).

Having examined the allegations and requested relief set forth in Lucas's complaint, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the disputed issue. The Supreme Court of the United States unequivocally established, in what is known as the *Rooker-Feldman* doctrine, that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Guidry v. E. Feliciana Par. Pol'y Jury*, 210 F. Supp. 2d 802, 803 (M.D. La. 2002) (quoting *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir.1994) (citations omitted)); *see also Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020) (holding that the *Rooker-Feldman* doctrine is narrow in scope, but applies whenever a federal district court is asked to exercise "what would be, in substance, appellate jurisdiction over final state-court judgments.") (citing *Thana v. Bd. of License Comm'rs for Charles Cty., Maryland*, 827 F.3d 314, 320 (4th Cir. 2016)); *and Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). In *Exxon,* the Supreme Court explained that federal district courts are precluded from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

4

commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. This bar applies to "issues actually presented to and decided by a state court" and "constitutional claims that are inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).

In the instant action, Lucas invites this Court to set aside the state court's order of restitution. He claims that the existence of the order has resulted in multiple probation revocations and incarcerations, which Lucas believes are violations of "his rights" and a waste of taxpayer money. This is just the type of complaint that is barred by the *Rooker-Feldman* doctrine. Therefore, the undersigned **FINDS** that the complaint should be dismissed, as this Court lacks jurisdiction to review and modify the state court's restitution order. Moreover, even if the complaint could be construed as a petition for a writ of habeas corpus, the undersigned **FINDS** that the action must still fail, given that "[a] challenge to an order of restitution, because it does not challenge the validity or duration of confinement, is not cognizable on habeas review." *Carter v. Smith*, No. 06-CV-11927, 2007 WL 1582200, at *1 (E.D. Mich. May 31, 2007) (citing *Lara v. Smith,* 132 Fed. Appx. 420 (3d Cir. May 31, 2005)); *also Spears v. Rivera*, No. 0:11-CV-02306-RBH, 2012 WL 1097647, at *3 (D.S.C. Mar. 30, 2012) (holding that "challenges to the validity of restitution orders should be raised on direct appeal.") (citations omitted)).

## IV.  Proposal and Recommendation

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Presiding District Judge **DISMISS** the complaint and **REMOVE** this case from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States

District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers. and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** June 4, 2021

Cheryl A. Eifert
United States Magistrate Judge